|                       |     |
|-----------------------|-----|
| Minimum Mandatory     | No  |
| Rule 35/5K1.1         | Yes |
| Appeal Waiver         | Yes |
| Forfeiture            | No  |
| Other (FOIA)          | Yes |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CR 412-231 |
| ) | |
| CARLOS ANDRES BRUTUS ) | |
| Defendant      ) | |

## SUMMARY OF PLEA AGREEMENT

**DEFENSE COUNSEL**:   Anne Pannell Rodman

**ASSISTANT U.S. ATTORNEY**:   Jennifer G. Solari

**STATUTES CHARGED**:

    Count 1:  18 U.S.C. § 371
                  Conspiracy

    Counts 2-106:  18 U.S.C. § 1344
                     Bank Fraud

    Counts 107-211:  18 U.S.C. § 510(a)(2)
                     Passing and Uttering U.S. Treasury Checks Bearing Forged Endorsements

**COUNTS PLEADING TO**:

    Count 1:  18 U.S.C. § 371
                  Conspiracy

    Count 100:  18 U.S.C. § 1344
                  Bank Fraud

## PENALTY:

Count 1:  Imprisonment for not more than five years;
A fine of up to $250,000, or both;
Restitution as required by 18 U.S.C. § 3663A;
Not more than three years of supervised release; and
A special assessment of $100.

Count 100:  Imprisonment for not more than thirty years;
A fine of up to $1,000,000, or both;
Restitution as required by 18 U.S.C. § 3663A;
Not more than five years of supervised release; and
A special assessment of $100.

## ELEMENTS

**Count 1**  **Conspiracy:**

**First:**  Two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

**Second:**  the defendant knew the unlawful purpose of the plan and willfully joined in it;

**Third:**  during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

**Fourth:**  the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

**Count 100**  **Bank Fraud:**

**First:**  The Defendant carried out or attempted to carry out a scheme to defraud a financial institution, or to get money, assets, or other property from a financial institution by using false or fraudulent pretenses, representations, or promises about a material fact;

**Second:**  the false or fraudulent pretenses, representations, or promises were material;

**Third:**  the Defendant intended to defraud the financial institution; and

**Fourth:**  the financial institution was federally insured.

## SUMMARY OF GOVERNMENT'S PROMISES:

The Government agrees:

- To move to dismiss Counts 2-99 and 101-211 in the Indictment;
- Not to object to a recommendation from the probation officer that the Defendant receive a two-level reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines, and to move for the third offense level point reduction based upon the timeliness of his plea, provided the Defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, has not engaged in criminal conduct subsequent to arrest or initial appearance in this matter, and truthfully admits or does not falsely deny any additional relevant conduct for which the Defendant is accountable under the United States Sentencing Guidelines;
- To forbear criminal forfeiture proceedings against the defendant for the property specified in the First Forfeiture Allegation of the Indictment; and
- To consider whether the Defendant's cooperation with the Government qualifies as "substantial assistance" and warrants the filing of a motion for downward departure below any applicable guideline range or mandatory minimum sentence or a motion to reduce sentence.

## SUMMARY OF DEFENDANT'S PROMISES:

The Defendant agrees:

- To plead guilty to Counts 1 and 100 in the Indictment;
- To acknowledge at the time of the plea the truth of the "Factual Basis" contained in the plea agreement;
- To agree to the entry of a Restitution Order pursuant to 18 U.S.C. § 3663A for the full amount of the victims' losses as determined by the Court;
- To pay on the date of sentencing any assessments imposed by the Court;
- To waive appeal except in certain limited circumstances (as more fully set forth in this Plea Agreement);
- To waive certain rights under the Freedom of Information Act and the Privacy Act (as more fully set forth in this Plea Agreement); and
- To provide full, complete and candid cooperation with federal, state and local authorities, and testify truthfully when called upon.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 412-231 |
| | ) | |
| CARLOS ANDRES BRUTUS | ) | |
| **Defendant** | ) | |

## PLEA AGREEMENT

Jennifer G. Solari, Assistant United States Attorney, attorney for the Government, and Anne Pannell Rodman, attorney for Carlos Andres Brutus ("Defendant"), pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of Defendant, entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment styled above, and a Plea Agreement has been reached by said parties in the following respects:

1. **GOVERNMENT'S OBLIGATIONS UNDER THIS AGREEMENT**

Upon Defendant's entry of a plea of guilty to Counts 1 and 100 of the Indictment, Defendant's full compliance with all promises made hereinafter as a part of this Plea Agreement, and Defendant's adherence to all representations and understandings recited hereinafter, the attorneys for the Government will do the following:

    a. Move to dismiss Counts 2-99 and 101-211 in the Indictment;

    b. Not object to a recommendation from the probation officer that the Defendant receive a two-level reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines, and to move for the third offense level point reduction based upon the timeliness of his plea, provided the Defendant

truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, has not engaged in criminal conduct subsequent to arrest or initial appearance in this matter, and truthfully admits or does not falsely deny any additional relevant conduct for which the Defendant is accountable under the United States Sentencing Guidelines;

   c. Forbear criminal forfeiture proceedings against the Defendant for the property specified in the First Forfeiture Allegation of the Indictment, which promise shall not affect any civil or administrative remedies against the same property for the conduct alleged in the Indictment; and

   d. Agree to consider whether Defendant's cooperation and testimony qualify as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 and, under the policies of the United States Attorney's Office for the Southern District of Georgia, warrants the filing of a motion for a downward departure from the applicable sentencing guideline range. If the Defendant's cooperation is completed or likely to be completed subsequent to sentencing, and within one year of the imposition of sentence, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35, Fed.R.Crim.P. and, under the policies of the United States Attorney's Office for the Southern District of Georgia, warrants the filing of a motion for sentence reduction.

  2. **<u>DEFENDANT'S OBLIGATIONS UNDER THIS AGREEMENT</u>**

   The obligations of Defendant under this Plea Agreement are as follows:

   a. Defendant agrees to plead guilty to Counts 1 and 100 in the Indictment.

   b. Defendant will acknowledge at the time of the plea of guilty the truth of the facts set forth herein.

  c. Defendant agrees to pay the mandatory special assessment of $200 to the U.S. District Court Clerk at or before sentencing.

  d. Defendant agrees to a limited waiver of appeal described hereafter.

  e. Defendant agrees to the FOIA/Privacy Act waiver described hereafter.

  f. **COOPERATION PROVISION**

  The Defendant agrees:

  1. To provide full, complete, and candid cooperation with federal, state, and local authorities by following all reasonable requests of law enforcement agents, which may include, in addition to a full disclosure of all criminal activities of which Defendant has knowledge and a full and truthful answer to any question put to him by law enforcement officers, to disclose and relinquish any documents or physical items of evidentiary value in Defendant's possession or held for Defendant by others.

  2. To testify truthfully and completely before any grand jury, trial jury, or in any proceeding preliminary or ancillary thereto, to which the information provided under this agreement may pertain, and to waive any privileges which Defendant may have with regard to such testimony.

  3. That for the purpose of complying with the terms of this cooperation agreement, Defendant will meet with law enforcement agents and/or counsel for the Government at times and places of their choosing, as may be necessary to discharge Defendant's obligations under this agreement, and in connection therewith Defendant waives any right to the presence of her counsel during such meetings.

**THE DEFENDANT UNDERSTANDS AND AGREES:**

4.   That Defendant is required at all times to give complete, truthful, and accurate evidence and testimony when call upon to do so by the Government or another defendant; That Defendant is not called upon by this agreement nor any other to implicate any particular individual as to any particular illegal activity, nor to "make a case" against anyone; That Defendant's benefits under this agreement are conditioned solely upon his cooperation and truthfulness, and are in no way conditioned upon the outcome of any trial, grand jury, or other proceeding.

5.   That if there is any failure to completely fulfill the obligations of this agreement, then the Government is thereby released from any commitment to honor its promises hereunder.  Thus, should Defendant knowingly give false, incomplete, or misleading testimony or information, or conceal material information, the Government will be free to: prosecute Defendant for all violations of the criminal laws Defendant has committed, including those which Defendant disclosed as a part of Defendant's cooperation under this agreement; to use against Defendant in any prosecution or sentencing any statements Defendant made during the course of cooperation under this agreement; to seek and recommend maximum sentences and all applicable sentence enhancements on any conviction obtained; to seek forfeiture of any and all properties subject thereto; and to prosecute Defendant additionally for perjury, false statement, and obstruction of justice.  (If the parties disagree as to whether a breach of this agreement has occurred, Defendant agrees that the matter will be submitted to the court for resolution on a preponderance of the evidence standard, with the moving party bearing the burden of proof.)

6.  That Defendant must promptly turn over to the Government authorities or disclose the location of any evidence pertinent to the matter under indictment or matters disclosed as a part of Defendant's cooperation, such as, but not limited to, papers, documents, recordings (audio and video), photographs and any other physical items.

7.  Defendant agrees to waive all rights under the Speedy Trial Act, if necessary, to delay sentencing until the completion of substantial portions of Defendant's cooperation, so as to provide the sentencing court with all relevant information.

### 3. LIMITED WAIVER OF APPEAL

To the maximum extent permitted by federal law, Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: (1) Defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and (2) Defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, Defendant may also file a direct appeal of the sentence.

### 4. FACTUAL BASIS

Defendant understands that the nature of the charge to which the plea is offered involves proof as to Counts 1 and 100 in the Indictment. Defendant agrees to acknowledge the factual basis for Counts 1 and 100 set forth below during the change-of-plea hearing, and Defendant further understands that his plea of guilty constitutes proof of Counts 1 and 100.

As to Count 1, the Defendant agrees that:

a. Beginning at least in or around March 2012 and continuing until in or around October 2012, Defendant **CARLOS ANDRES BRUTUS** received U.S. Treasury checks from one or more individuals in and around Orlando, Florida.

b. Some of the aforementioned U.S. Treasury checks were counterfeit. The remaining checks were genuine but had been stolen before reaching their intended recipients.

c. One of the individuals who provided U.S. Treasury checks to **BRUTUS** was defendant **JOYIE JEAN BORGELLA.**

d. None of the U.S. Treasury checks was made payable to **BRUTUS** or **BORGELLA**, and both defendants knew the checks were either stolen or counterfeit.

e. **BORGELLA** provided the U.S. Treasury checks to **BRUTUS** for the purpose of fraudulently cashing the checks.

f. **BRUTUS** presented the aforementioned U.S. Treasury checks to be cashed at Ok Cha's Variety Store in Hinesville, Georgia, which store was owned and operated by "O.M."

g. Each stolen and counterfeit U.S. Treasury check presented by **BRUTUS** at Ok Cha's Variety Store had a forged endorsement, which endorsement **BRUTUS** knew to be forged when he presented the check to be cashed.

h. **BRUTUS** kept a portion of each stolen and forged U.S. Treasury check he cashed at Ok Cha's Variety Store. He distributed the balance of the fraudulently obtained proceeds to persons who were not the payees named on the checks, and who were therefore not entitled to the proceeds.

i. O.M. deposited each U.S. Treasury check she cashed for **BRUTUS** into her business account at The Heritage Bank.

j. The stolen and forged U.S. Treasury checks deposited by O.M. at The Heritage Bank that were reported by their intended payees as having been cashed without permission were dishonored by the U.S. Treasury as fraudulent. Consequently, the Heritage Bank was debited – that is, charged back – the full amount of such checks, thereby suffering a loss in that amount.

## *THE VICTIM BANK*

k. The Heritage Bank, located in Hinesville, Georgia, was and remains a financial institution whose deposits were and are insured by the Federal Deposit Insurance Corporation ("FDIC").

## *THE CONSPIRACY*

l. Beginning on a date unknown to the grand jury, but at least in or around March 2012, and continuing thereafter until on or about October 25, 2012, in Liberty County, within the Southern District of Georgia, and elsewhere, the defendants, **CARLOS ANDRES BRUTUS and JOYIE JEAN BORGELLA**, did knowingly and intentionally combine, conspire, confederate, and agree with one another and other persons unknown:

with intent to defraud, to deliver, exchange, and receive Treasury checks of the United States, with an aggregate face value of more than $1,000, knowing that some of said checks were stolen and that all of the checks bore forged endorsements, in violation of 18 United States Code 510(b); and

with intent to defraud, to pass, utter, and attempt to pass and utter, Treasury checks of the United States bearing falsely made and forged signatures, in violation of Title 18, United States Code, Section 510(a)(2); and

to execute and attempt to execute a scheme or artifice to defraud The Heritage Bank, a financial institution whose deposits were then insured by the FDIC and to obtain the moneys, funds, and other property owned by, and under the custody or control of a financial institution, by means of materially false or fraudulent pretenses, representations, or promises, in violation of Title 18, United States Code, Section 1344; and

to willfully and knowingly steal, purloin, and convert to each defendant's own use or the use of others, money of the United States of a value greater than $1,000, with the intent to deprive the United States of the use and benefit of the money, in violation of Title 18, United States Code, Section 641.

### *Objects of the Conspiracy*

m. The objects of the conspiracy were as follows:

    i. To steal U.S. Treasury checks.

    ii. To create counterfeit U.S. Treasury checks.

iii. To place forged endorsements on stolen and counterfeit U.S. Treasury checks.

iv. To cash stolen, forged, and counterfeit U.S. Treasury checks.

v. To defraud a financial institution by falsely representing that the stolen, forged, and counterfeit U.S. Treasury checks presented and the endorsements thereon were genuine.

vi. To obtain moneys and funds owned by, and under the custody or control of a financial institution, by falsely representing that the stolen, forged, and counterfeit U.S. Treasury checks presented and the endorsements thereon were genuine.

vii. To steal, purloin, and convert the proceeds, which were the property of the U.S. Government, to the Defendants' own use and the use of others.

### *The Manner and Means Used to Further the Objects of the Conspiracy*

n. The manner and means by which the defendants and their coconspirators sought to accomplish the objects of the conspiracy included, but were not limited to the following:

i. **JOYIE JEAN BORGELLA** and **CARLOS ANDRES BRUTUS** would receive U.S. Treasury checks, which checks they knew were counterfeit or had been stolen before reaching the named payee.

ii. **JOYIE JEAN BORGELLA** and **CARLOS ANDRES BRUTUS** would transport the stolen and counterfeit U.S. Treasury checks from Florida to Georgia.

iii. **CARLOS ANDRES BRUTUS** would pass and utter the stolen and counterfeit U.S. Treasury checks at Ok Cha's Variety Store, all of which checks **BRUTUS** and **BORGELLA** knew bore forged endorsements.

iv. **CARLOS ANDRES BRUTUS** would keep a portion of the fraudulently obtained proceeds from the stolen and forged U.S. Treasury checks and distribute the balance of the proceeds to persons who were not the payees named on the checks, and who were therefore not entitled to the proceeds.

v. By these means and in this manner, defendants **CARLOS ANDRES BRUTUS** and **JOYIE JEAN BORGELLA** illicitly and fraudulently negotiated in excess of 300 U.S. Treasury checks with an aggregate face value of over $1,134,000.00.

### *Overt Acts*

o. Overt acts in furtherance of the conspiracy included, but were not limited to, the following:

   i. On divers occasions in and between April 2012 and July 2012, for the purpose of executing the aforesaid scheme and artifice to defraud, defendant **CARLOS ANDRES BRUTUS** passed and uttered numerous Treasury checks as described in Count 1 of the Indictment, then well knowing the endorsements thereon were forgeries.

   ii. In or about July, 2012, for the purpose of executing the aforesaid scheme and artifice to defraud, defendant **JOYIE JEAN BORGELLA** traveled to Hinesville, Georgia to deliver stolen and forged U.S. Treasury checks to defendant **CARLOS ANDRES BRUTUS**.

All in violation of Title 18, United States Code, Section 371.

As to Count 100, the Defendant further agrees that:

p. On or about the following dates, in the Southern District of Georgia, defendants, **CARLOS ANDRES BRUTUS and JOYIE JEAN BORGELLA,** aided abetted by each other and others unknown, knowingly executed and attempted to execute a scheme and artifice to defraud The Heritage Bank, a financial institution whose deposits were then insured by the FDIC, and to obtain the moneys, funds, and other property owned by, and under the custody or control of The Heritage Bank, by means of materially false or fraudulent pretenses, representations, or promises.

It was part of the scheme and artifice that the defendants passed and uttered U.S. Treasury checks, which checks the defendants knew bore forged endorsements, at Ok Cha's Variety Store in Hinesville, Georgia, for payment.

| Count | Check No. | Date on Check | Amt. of Check | Date Negotiated | Where Negotiated |
|---|---|---|---|---|---|
| 100 | 33033975 | 07/03/12 | 1352.00 | 07/09/12 | The Heritage Bank |

All in violation of Title 18, United States Code, Sections 1344 and 2.

### 5.    DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER OBLIGATIONS UNDER THIS AGREEMENT

A.    Defendant understands and agrees that nothing in this Plea Agreement shall abrogate the duty and right of the Government to bring all sentencing facts to the attention of the sentencing court, and Defendant further agrees that the Government shall not be bound to make any recommendation under this Plea Agreement if to do so would directly contradict facts relevant to the offense conduct or Defendant's prior conduct or criminal history, which first come to the attention of the Government, or are confirmed as true, only after the signing of this Plea Agreement.

Defendant also understands that the Court is not a party to this Plea Agreement, that the Government can only make recommendations which are not binding on the Court, and that after the entry of Defendant's guilty plea, Defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law – as to Count 1, not more than five years imprisonment, a fine of up to $250,000, restitution as required by 18 U.S.C. Section 3663A, a term of supervised release of not more than three years, and a special assessment of $100; and as to Count 100, not more than thirty years imprisonment, a fine of up to $250,000, restitution as required by 18 U.S.C. Section 3663A, a term of supervised release of not more than five years, and a special assessment of $100.

Defendant further advises the Court that Defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court, and that the United States Probation Office will consider all of Defendant's conduct related to the offense to which she is pleading, which may include conduct related to Counts of the Indictment which were or are to be dismissed or for which Defendant was acquitted, as well as Defendant's

criminal history, and that these facts will be considered by the Court in determining Defendant's sentence. Defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by Defendant's counsel or the United States Attorney. **Defendant advises the Court that Defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than Defendant expected or, in the case of relevant conduct, is found to be more extensive than Defendant has admitted to, Defendant will still have no absolute right to withdraw the guilty plea.**

Defendant also understands that in accordance with United States v. Booker, the Court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence.

### B. FINES, ASSESSMENTS, AND FORFEITURES

Defendant understands that any assessments imposed pursuant to 18 U.S.C § 3013 by the Court at sentencing must be paid on the date of sentencing.

The Defendant agrees to the entry of a Restitution Order pursuant to 18 U.S.C. § 3663A for the full amount of the victims' losses as determined by the Court. Defendant acknowledges that the charges to which the Defendant is pleading guilty are offenses against property under Title 18, United States Code, and that the offenses to which the Defendant is pleading guilty were committed by fraud and deceit. As such, the Defendant acknowledges that pursuant to 18 U.S.C. § 3663A(a)(1) and 3663A(c)(1)(A)(ii), the court is required to order restitution for the full amount of the victims' compensable losses as may be proved by the United States or stipulated to by the parties. Defendant acknowledges that the Court may not decline to award restitution

because of the defendant's economic circumstances or the fact that the victims have, or are entitled to, receive compensation for their losses from proceeds of insurance or any other source.

Defendant further understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. Defendant agrees to comply with any restitution order entered at the time of sentencing. Defendant agrees that Defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant agrees to make full restitution for provable losses caused by Defendant's activities. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment reasonably can be made as required by law.

Defendant further understands that if a fine or restitution is imposed by the Court at sentencing, or if the United States is pursuing the forfeiture of any property in which Defendant has an interest, whether by administrative, civil, or judicial proceeding, Defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth Defendant's assets and liabilities as of the date of the offense. Defendant further understands that by completing the financial statement, Defendant is representing that it is true and accurate to the best of Defendant's information, knowledge, and belief and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

C.  **FOIA AND PRIVACY ACT WAIVER.**

Defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by Defendant in this Plea Agreement or otherwise; HOWEVER, notwithstanding any right on the part of Defendant to post-conviction litigation, Defendant, as a part of this Plea Agreement and in consideration of the promises made by the Government hereunder, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

6.  **DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT**

A.  Defendant represents to the Court that Defendant has had the services of an attorney Defendant believes to be competent; that Defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss Defendant's case and receive advice; that Defendant has been truthful with her attorney and related all information of which Defendant is aware pertaining to the case; that Defendant and Defendant's attorney have discussed possible defenses, if any, to the charges in the information, including the existence of any exculpatory or favorable evidence or witnesses, discussed Defendant's right to plead not guilty and compel a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, Defendant's right to testify in Defendant's own behalf, or to remain silent and have no

adverse inferences drawn from Defendant's silence; and that Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

    B. Defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by Defendant is the result of prior discussions between the attorney for the Government and the attorney for Defendant, conducted with Defendant's authorization, knowledge and consent; that this Plea Agreement contains the entire agreement and understanding between the Government and Defendant; and that Defendant has no other agreements, understandings, or deals with any person other than those set out in this Plea Agreement, that is, Defendant advises the Court that Defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

    C. Defendant represents to the Court that Defendant has been advised of the nature of the charge to which the plea of guilty is to be offered, of the maximum possible penalty provided by law, as set forth above, and that by entering a plea of guilty Defendant gives up all of the rights set out above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind. Defendant further understands that in entering a plea of guilty, the Court will ask questions about the offense to which the plea is entered. Defendant understands that Defendant will be under oath and on the record in answering those questions,

and that Defendant's answers may later be used against Defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

This 11th day of January, 2013. *JGS*

EDWARD J. TARVER
UNITED STATES ATTORNEY

_____
Brian T. Rafferty
Assistant United States Attorney
Chief, Criminal Division


_____
Jennifer G. Solari
Assistant United States Attorney

I have read this Plea Agreement, consisting of 19 pages, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and government agents and/or prosecutors, and accurately set forth the terms and conditions of the plea agreement that has been reached by my attorney on my behalf and with my permission.

_____
Carlos Andres Brutus
Defendant

_____
Anne Pannell Rodman
Attorney for Defendant

_____1/9/13_____
Date

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR 412-231-01 |
| v. ) | |
| ) | |
| CARLOS ANDRES BRUTUS ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by the defendant be and it is hereby accepted and the foregoing Plea Agreement be and it is hereby ratified and confirmed.

This 16 day of September, 2013.

_____
HONORABLE B. AVANT EDENFIELD
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF GEORGIA